UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENORA ROMANO, | : |
| | : |
| Plaintiff | : CIVIL ACTION – LAW |
| | : |
| v. | : |
| | : |
| RED ROOF INN – ALLENTOWN AIRPORT, | : |
| | : |
| | : No. 2022-CV- |
| Defendant | : |

## <u>NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441</u>

Defendant, Red Roof Inn – Allentown Airport, hereby submits notice to the United States District Court for the Eastern District of Pennsylvania for the removal of the above entitled action to this Court and, in support thereof, respectfully represent:

1.     Defendant is a corporation organized and existing under the laws of the State of Pennsylvania, having thier principal place of business located in Lehigh County, PA.

2.     Upon information, knowledge and belief, Plaintiff, Lenora Romano, is an adult individual, citizen and resident of the State of New Jersey, residing at 142 Lafayette Street, Piscataway, NJ, 08854, and is domiciled at that address.

3.     At all times material hereto, Defendant is duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4.     On or about January 6, 2022, Plaintiff instituted the above action, by way of Complaint (the "Complaint"), a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Lehigh County, Case No. 2022-C-0032, seeking damages against Defendant for injuries Plaintiff purportedly sustained as a result of Defendant's alleged negligence.

5.     Plaintiff filed this matter seeking damages in excess of jurisdictional limits of

compulsory arbitration.

6.      On or about February 7, 2022, Defendant filed an answer and new matter to the Complaint, a copy of which is attached hereto as Exhibit "B," denying liability and asserting various affirmative defenses.

7.      In ¶45 of its new matter, Defendant asserted that "Plaintiff's alleged damages, if proven, do not exceed $75,000.00 exclusive of interest and costs.

8.      On or about February 8, 2021, Plaintiff filed her reply to Defendants' new matter, a copy of which is attached hereto as Exhibit "C," denying the allegations in Defendant's new matter as conclusions of law, including, without limitation, ¶45 thereof. Specifically, Plaintiff's reply to new matter reads as follows:

> 45.      Denied. Said averment is a conclusion of law to which not response it required.

9.      As prescribed by 28 U.S.C. §1446(c)(3)(A): if the case stated by initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in §1332(a), information relating to the amount in controversy in the record of the state's proceeding, or in responses to discovery, shall be treated as an "other paper" under §(b)(3).

10.      Plaintiff's reply to Defendant's new matter placed Defendant on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, was the first "paper" which placed Defendant on notice that the amount in controversy exceeded $75,000.00. See, Bishop v. Sam's East, Inc., 2009 WL 1795316 (ED Pa., June 23, 2009) (holding that the filing of a complaint seeking damages in excess of the state court's arbitration limits does not suffice to plaintiff defendant on notice that a plaintiff's claims meet the threshold level of diversity jurisdiction); Espinosa v. Allstate Ins. Co., CIV. A. 07-0746, 2007 WL 118102 (E.D.Pa., April 2007)

(holding that plaintiff's complaint asserting damages not in excess of $50,000.00 was not removable at the time it was filed; see also, <u>Alston v. Walmart Stores East LP</u>, 2012 WL 4321973 (E.D.Pa., September 20, 2012).

11.     Plaintiff's denial of the allegations in reply that his damages were not equal to or less than $75,000.00 exclusive of interest and costs, including Plaintiff's wherefore clause indicating that Plaintiff's damages were in excess of $75,000.00 were the first paper which placed Defendant on notice that the amount in controversy exceeded $75,000.00 exclusive of interest and costs.

12.     Plaintiff's reply to new matter constitutes an "other paper" under 28 U.S.C. §1446(b)(3) and triggered the thirty (30) day removal period. See, <u>Bishop</u>, at *2, 4-5,

13.     Diversity of citizenship exists between Plaintiff, a citizen, resident and domiciliary of the State of New Jersey, and Defendant, a corporation organized and existing under the laws of the State of Pennsylvania and having their principal places of business in the State of Pennsylvania.

14.     Complete diversity of citizenship exist between the parties and the removal is proper pursuant to 28 U.S.C. §1441(b) which reads in pertinent part, that:

> Except as set forth in subsection (c), [I]f the case stated by the initial pleading is not otherwise removable, a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

15.     This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is filed within thirty (30) days after Defendants' receipt of a paper, to wit, the filing of Plaintiff's reply to new matter. Moreover, this Notice of Removal is made within one (1) year after the filing of the Complaint on or about October 15, 2021.

WHEREFORE, the above action now pending against Defendant, Red Roof Inn – Allentown Airport, in the Pennsylvania Court of Common Pleas, Lehigh County, is removed therefrom to this Honorable Court.

Respectfully submitted,

**CHARTWELL LAW**

BY: _Anthony Trozzolillo_
ANTHONY P. TROZZOLILLO, ESQUIRE
I.D. NO. 83243
125 N. Washington Avenue, Suite 240
Scranton, PA  18503

Attorney for Defendant

COMMONWEALTH OF PENNSYLVANIA    )
                                   )    ss:

COUNTY OF LEHIGH                  )

### AFFIDAVIT

ANTHONY P. TROZZOLILLO, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant, Red Roof Inn – Allentown Airport; that, he has read the foregoing Notice and knows the contents thereof; that, he is authorized to make this Affidavit on behalf of Defendant; and, that the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

*Anthony Trozzolillo*

_____

ANTHONY P. TROZZOLILLO, ESQUIRE

SWORN to and SUBSCRIBED

before me this __15th__ day of

_____February_____ , 2022.

*Dori Conway*

_____

NOTARY PUBLIC

Expires October 3, 2023
Commission Number 1236821