# EXHIBIT A

FILED 2022-C-0032 Clerk of Judicial Records, Civil Division, Lehigh County, PA /s/KF

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Lehigh County

*For Prothonotary Use Only:*

Docket No: _____

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Lenora Romano
Lead Defendant's Name: Red Roof Inn Allentown Airport

Are money damages requested? [X] Yes [ ] No
Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits

Is this a *Class Action Suit*? [ ] Yes [X] No
Is this an *MDJ Appeal*? [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Matthew Slocum, Esquire
[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [X] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

Updated 1/1/2011

THE SLOCUM FIRM, P.C.
BY:   Matthew Slocum, Esquire
       Arianne Slocum, Esquire
Attorney I.D. Nos. 89780/93243
600 Jefferson Avene
Scranton, PA 18510
570.209.7376/570.614.2147 (telefax)

Attorneys for Plaintiff

LENORA ROMANO                   :   IN THE COURT OF COMMON PLEAS
142 Lafayette Street            :   OF LEHIGH COUNTY
Piscataway, NJ 08854            :
         Plaintiff              :
                                :
vs.                             :   CIVIL ACTION – LAW
                                :   JURY TRIAL DEMANDED
RED ROOF INN                    :
ALLENTOWN AIRPORT               :
1846 Catasauqua Rd              :
Allentown, PA 18109             :   NO.
         Defendant              :

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and file in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPOHONE THE OFFICE SET FORTH BELOW TO FINDO UT WHERE YOU CAN GET LOCAL HELP.

IF YOU CANNOT AFFORD A LAWYER, THE OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT REDUCED FEES OR NO FEES.

**NORTH PENN LEGAL SERVICES**
Main Street Commons
559 Main Street, #200
Bethlehem, PA 18018
(610) 317-8757

**PA LAWYER REFERRAL SERVICE**
PO Box 186
100 South Street
Harrisburg, PA 17108
1-800-692-7375 (Pennsylvania Residents)
(717) 238-6715 (Out-of-State Residents)

1

THE SLOCUM FIRM, P.C.
BY:  Matthew Slocum, Esquire
     Arianne Slocum, Esquire
Attorney I.D. Nos. 89780/93243
600 Jefferson Avenue
Scranton, PA 18510
570.209.7376/570.614.2147 (telefax)

Attorneys for Plaintiff

| | |
|---|---|
| LENORA ROMANO<br>142 Lafayette Street<br>Piscataway, NJ 08854<br>　　Plaintiff | IN THE COURT OF COMMON PLEAS<br>OF LEHIGH COUNTY |
| vs. | CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED |
| RED ROOF INN<br>ALLENTOWN AIRPORT<br>1846 Catasauqua Rd<br>Allentown, PA 18109<br>　　Defendant | NO. |

## COMPLAINT

AND NOW, comes Plaintiff, Lenora Romano, by and through her counsel, The Slocum Firm, P.C. and hereby files this Complaint against Defendant, Red Roof Inn Allentown Airport, and in support thereof avers the following:

1. Plaintiff, Lenora Romano (hereinafter "Plaintiff"), is a resident and citizen of the State of New Jersey, residing at the address set forth in the caption of this Complaint.

2. Upon information and belief, Defendant, Red Roof Inn Allentown Airport (hereinafter "Defendant") is a business that operates in the Commonwealth of Pennsylvania located at the address set forth in the caption of this Complaint.

3. At all relevant times hereto, Plaintiff was a business invitee at a property owned by Defendant and located at 1846 Catasauqua Road, Allentown, Lehigh County, Pennsylvania.

2

4. On the evening of February 10, 2021, Plaintiff was lawfully on the Defendant's property when she slipped and fell on untreated ice that was present on the property.

5. More specifically, the untreated ice at issue was present on the sidewalk of the hotel, which Plaintiff need to traverse to get to her rented room.

6. In so doing, Plaintiff's fell and landed on her ride shoulder.

7. The untreated ice created a hazard for Plaintiff.

8. Plaintiff immediately reported the incident to the hotel staff, who wrote a report. Plaintiff also called emergency medical services and was transported for medical attention.

11. Plaintiff was transported Lehigh Valley Health Network – Muhlenberg, where she received treatment.

12. Plaintiff sustained injuries and required additional treatment of ailments associated with, but not limited to, the following:

    a) Closed three-part fracture of proximal end right humerus;

    b) Right shoulder pain;

    c) Cervical spine pain;

    d) Thoracic spine pain;

    e) Head pain;

    f) Dizziness;

    g) Parathesis to fingers;

    h) Hip pain; and

    i) Other injuries to be identified up until the time of trial.

13. Solely as a result of the carelessness and negligence of Defendant herein, Plaintiff has been caused to suffer great physical pain and discomfort and has undergone medical care and

3

treatment for the aforesaid injuries including, but not limited to, x-rays, MRIs and other diagnostic studies and medications and, as a result of his injuries and their residual effects, she will continue to suffer pain and undergo additional medical care and treatment in the future.

14. Solely as a result of the carelessness and negligence of Defendant herein, Plaintiff has been obliged to incur bills and expend money for the required medical care and treatment of the above described injuries, conditions and residual conditions and will be required to spend additional sums of money in the future for said treatment and care and will continue to incur said bills for an indefinite period of time in the future.

15. Solely as a result of the carelessness and negligence of Defendant herein, Plaintiff has sustained the loss of normal and everyday pleasures and enjoyments of life, social, family and recreational activities and events, and will continue to be so deprived for a long and indefinite time into the future.

## COUNT I
### Lenora Romano v. Red Roof Inn Allentown Airport
### Negligence

16. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if each and every one were individually set forth within this Count.

17. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of Plaintiff falling, and the resulting injuries suffered by Plaintiff, consisted of, but is not limited to, the following:

    (a) Failing to maintain the aforesaid premises in a safe and proper condition in that the premises were permitted to remain treacherous and dangerous for traversing individuals entering and exiting Defendant Red Roof Inn Allentown Airport;

4

(b) Permitting the aforesaid premises to remain in a dangerous and hazardous condition;

(c) Permitting a hazardous and dangerous condition to remain on the aforesaid premises for a substantial and unsafe period of time with no warning;

(d) Failing to educate maintenance staff in order to keep said premises safe for ingress and egress;

(e) Failing to properly and timely inspect said premises to determine the dangerous and treacherous nature of the same;

(f) Failing to post any warnings with respect to the hazardous and dangerous condition of the ground where Plaintiff fell;

(g) For letting a dangerous condition exist on the subject premises so as to constitute an unreasonable path of travel;

(h) Being otherwise careless and negligent under all of the existing circumstances by failing to correct the dangerous and treacherous condition of the ice-covered walkways;

(i) Failing to disclose the dangerous condition of the ice-covered walkways to individuals lawfully utilizing the same when such condition involved unreasonable risk and physical harm to persons, including the Plaintiff;

(j) Failing to correct the dangerous condition of the ice-covered ground where Defendant knew or should have known that the premises were being used by the general public including the Plaintiff;

(k) Failing to correct the dangerous condition of the ice-covered walkways where Defendant had been permitted control over the premises and where such correction was necessary for the safe use of the premises;

(l) Failing to properly remove the ice from the premises;

(m) Failing to warn Plaintiff of the dangerous condition; and

(n) Acting otherwise negligent.

18. As a direct and proximate result of the aforementioned negligence, Plaintiff has suffered the damages as set forth in this Complaint.

5

19. The negligence and/or carelessness of the Defendant was the direct and sole cause of accumulated ice on the premises by failing to timely and properly remove the same, causing the premises to be unsafe.

20. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff has suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and other ills and injuries all to Plaintiff's great loss and detriment.

21. As a result of these injuries, all of which are permanent in nature and all of which are due to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and my in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

22. As an additional result of the negligence and/or carelessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

23. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or capacity, all to Plaintiff's further loss and detriment.

24. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of the amount requiring compulsory arbitration thereof, plus all costs and other relief this Court deems just.

Respectfully Submitted,

Matthew Slocum, Esquire
Printed Name

*signature*

Matthew Slocum, Esquire
Atty ID # PA 89780
**The Slocum Firm, P.C.**
600 Jefferson Avenue
Scranton, PA 18510
matt@theslocumfirm.com
p: 570-209-7376
f: 570-614-2147

Date 1/5/22

Arianne Slocum, Esquire
Printed Name

*signature*

Arianne Slocum, Esquire
Atty ID # PA 93243
**The Slocum Firm, P.C.**
600 Jefferson Avenue
Scranton, PA 18510
arianne@theslocumfirm.com
p: 570-209-7376
f: 570-614-2147

FILED 2/7/2022 4:06 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2022-C-0032    /s/KF

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

For Plaintiffs:

Matthew Slocum, Esquire
PA I.D. No. 89780

8

## VERIFICATION

I, Lenora Romano, being duly sworn according to law, depose and state the following facts are correct: I am the Plaintiff in the foregoing action. The attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of the defense of the lawsuit. The language of the Complaint is counsel's and not mine. I have read the Complaint and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this verification. I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

11/30/2021

Dated: _____

DocuSigned by:

*Lenora Romano* (signature)
—7D646CA164204ED...

Lenora Romano